UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INGRID CYLESTE WINSLOW-HARRIS | CIVIL ACTION |
| v. | NO. 10-3588 |
| PATRICK R. DONAHOE, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE | SECTION "F" |

ORDER

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date.  No memoranda in opposition to the defendant's motion to dismiss and motion for summary judgment, noticed for submission on February 22, 2012, has been submitted.

Accordingly, the motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit,[1] IT

---

[1] The plaintiff claims that the defendant retaliated against her because her deceased father was a civil rights leader. However, there is no record showing that the plaintiff exhausted her administrative remedies relative to the alleged retaliatory discharge.  Thus, the defendant has shown that this Court lacks jurisdiction over the plaintiff's retaliation claim.  See Fitzgerald v. Sec'y, U.S. Dep't of Veterans Affairs, 121 F.3d 203, 206 (5th Cir. 1997).  It is undisputed that the plaintiff did file an administrative charge of discrimination based on allegations of race and color discrimination.  However, the defendant has shown that the plaintiff cannot establish a prima facie case of race or color discrimination because she has not shown that she was treated less favorably than other similarly situated employees outside of her protected class.  In particular, the defendant points out that the Fifth Circuit requires that an employee who proffers a fellow employee as a comparator demonstrate that the employment actions at issue were taken "under nearly identical circumstances."  See Little v. Republic Ref. Co., Ltd., 924 F.2d 93, 97 (5th Cir. 1991). Because the plaintiff cannot show that others similarly situated were treated more favorably under Fifth Circuit standards, the

IS ORDERED that the defendant's motion to dismiss and motion for summary judgment is GRANTED as unopposed. The plaintiff's lawsuit is hereby dismissed.[2]

                                    New Orleans, Louisiana, February 17, 2012

                                    _____
                                        MARTIN L. C. FELDMAN
                                   UNITED STATES DISTRICT JUDGE

---

defendant suggests it is entitled to judgment as a matter of law. The Court agrees. The plaintiff has not submitted any opposition papers and there is no evidence in the record to suggest that the plaintiff can discharge her burden on this point. Even if the plaintiff could establish a prima facie case of race or color discrimination, the defendant also contends that the plaintiff cannot establish that the defendant's proffered reasons for terminating her during her probationary period were pretextual. The Court agrees. The summary judgment record is replete with evidence that the plaintiff's job performance was poor: the record shows that the plaintiff's immediate supervisor, Michele Redman, an African-American, made the decision to terminate the plaintiff during her probationary period due to poor job performance; Redman testified that the plaintiff repeatedly improperly handled express mail and that the plaintiff had difficulty with many aspects of her job, which caused customer complaints. The record also shows that the plaintiff had difficulty "catching on to her duties." The defendant suggests, and the Court agrees, that this evidence satisfies its burden of production and that the burden then shifts to the plaintiff to submit evidence that shows that the defendant's explanation was merely pretext for the actual reasons she was terminated during her probationary period: race and color discrimination. The plaintiff has not submitted any opposition papers or submitted any evidence suggesting that she can satisfy her burden. "'A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other fact immaterial' and 'mandates the entry of summary judgment' for the moving party." United States ex rel. v. City of Houston, 523 F.3d 333, 337 (5th Cir. 2008) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

    [2]The plaintiff's retaliation claim is dismissed for lack of subject matter jurisdiction and the plaintiff's claims for discrimination based on allegations of race and color discrimination are dismissed on summary judgment.