UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

INGRID CYLESTE WINSLOW-HARRIS                    CIVIL ACTION

v.                                                NO. 10-3588

PATRICK R. DONAHOE,                               SECTION "F"
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE

ORDER AND REASONS

Before the Court is the plaintiff's motion to reconsider this Court's February 17, 2012 Order dismissing the plaintiff's case. For the reasons that follow, the motion to reconsider is DENIED.

Background

This litigation arises out of a former mail carrier's claims of employment discrimination by the Postmaster General of the United States Postal Service.[1]

---

[1] Because the plaintiff still has not endeavored to file any papers opposing the merits of the defendant's motion to dismiss and motion for summary judgment, the Court summarizes the facts contained in the defendant's summary judgment submission. See Local Rule 56.1 (requiring that all motions for summary judgment be "accompanied by a separate and concise statement of the material facts which the moving party contends present no genuine issue") and Local Rule 56.2 (requiring that a party opposing a motion for summary judgment include a "separate and concise statement of the material facts which the opponent contends present a genuine issue" and further providing that "[a]ll material facts in the moving party's statement will be deemed admitted, for the purposes of the motion, unless controverted in the opponent's statement."). See also Jegart v. Roman Catholic Church of the Diocese of Houma-Thibodaux, 384 Fed.Appx. 398 (5th Cir. June 30, 2010)(unpublished)(citing Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988) for the proposition that, when a plaintiff fails to file an opposition to a motion for summary judgment, the

1

Ingrid Cyleste Winslow-Harris, an African-American female, was originally hired in March 2007 as a temporary rural carrier.[2] Thereafter, in October 2007, Ms. Winslow-Harris was hired as a rural carrier associate, which serves as a substitute for a regular rural letter carrier. A regular rural letter carrier delivers mail five days a week and, on the sixth day, a rural carrier associate delivers the mail for the route. Thus, a rural carrier associate is only guaranteed one work day each week.

A rural carrier associate cases, delivers, and collects mail along a prescribed rural route using a vehicle and provides customers on the route with a variety of services, including selling stamps and delivering accountable mail; accountable mail consists of certified mail, registered mail, and express mail.

Ms. Winslow-Harris, as with all rural carrier associates, was hired for a 90-day probationary period, which expires after 90 days of actual work. During her probationary period, Michele Redman, also an African-American female, was Ms. Winslow-Harris' immediate supervisor. And in January 2008, during Ms. Winslow-Harris' probationary period, Ms. Redman decided to terminate her employment due to poor job performance. According to Ms. Redman, Ms. Winslow-

---

district court may consider the facts listed in support of the motion as undisputed and grant summary judgment if they show that the moving party is entitled to judgment in his favor).

[2]This is not a career position with USPS; a temporary rural carrier has no opportunity for advancement.

Harris had difficulty with aspects of her job, including her repeated failure to properly handle express mail,[3] causing customers to complain. Ms. Redman spoke to Ms. Winslow-Harris several times and tried to correct her performance deficiencies.[4]

On December 20, 2010 Ms. Winslow-Harris, *pro se*, sued the USPS and John E. Potter, Postmaster General, asserting that her employment was terminated due to race/color discrimination and that she was retaliated against because her father had been a civil rights leader; Ms. Winslow-Harris claimed entitlement to reinstatement and lost wages.[5] A scheduling conference was conducted with the Court on May 31, 2011, in which a pre-trial conference was set for March 13, 2012 and a bench trial was scheduled for March 26, 2012. Thereafter, on August 1, 2011, the Court granted the plaintiff's motion to enroll counsel. On February 2, 2012 the defendant filed a motion to dismiss and motion for summary judgment in which he: (1) requested dismissal of the

---

[3] USPS Express Mail is a guaranteed delivery service: if the delivery is not performed within the committed delivery, the USPS owes the customer a full refund.

[4] Ms. Redman's immediate supervisor at the time, Postmaster Matthew McFall, concurred with her decision to terminate Ms. Winslow-Harris. McFall had also spoken to Ms. Winslow-Harris on several occasions about her work performance and he had tried to assist her with understanding her job duties.

[5] Because Patrick R. Donahoe was sworn in as the new Postmaster General on January 11, 2012, he was automatically substituted pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

plaintiff's retaliation claim for lack of subject matter jurisdiction (for failure to exhaust administrative remedies) and (2) requested summary judgment in his favor on the plaintiff's claim of race and color discrimination on the ground that the plaintiff failed to make a prima facie case of disparate treatment and, even if she could make out a prima facie case, the defendant contended that plaintiff could not demonstrate that the defendant's articulated reasons for terminating her employment during her probationary period were pretextual.  The defendant's motion was noticed for submission on February 22, 2012, making the plaintiff's opposition due no later than February 14, 2012.  No opposition having been filed in the record by February 17, 2012, this Court issued an Order granting the defendant's motion as unopposed; in doing so, the Court also noted that the motion had merit and that the defendant had discharged its summary judgment burden. The plaintiff now seeks reconsideration of the Court's February 17 Order dismissing her case.

I.

Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed.R.Civ.P. 59(e). Rule 60(b), on the other hand, applies to motions filed after the 28-day period, but demands more "exacting substantive requirements."  See Lavespere v. Niagara Machine & Tool Works, 910

F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994)(en banc).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). The grant of such a motion is an "extraordinary remedy that should be used sparingly." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 Fed.Appx. 137, 143 (5th Cir. Nov.

11, 2004) (citing Templet, 367 F.3d at 479). The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." Templet, 367 F.3d at 479.

Because the Court entered the challenged Order on February 17, 2012, and the plaintiff filed her motion to reconsider on that same day, the motion to amend is timely under Rule 59(e).

II.

*A.*

As an excuse, counsel for plaintiff claims that he was unaware, until February 17, 2012, that anything other than a two-page motion for summary judgment had been filed; he says that when he received electronic notice of the motion's filing on February 2, 2012, he checked the Court's electronic filing system and did not see the Memorandum in Support and accompanying materials that should have been attached to the motion; the next day, counsel says he contacted counsel for the defendant and left a voicemail to determine if a Memorandum would follow the motion. Counsel for plaintiff apparently then waited two weeks before again reaching out to counsel for the defendant, at which time he was advised that the Memorandum and exhibits were filed as attachments to the original motion on February 2; he says he immediately checked the

CM/ECF filing system and at that time saw the Memorandum and accompanying exhibits, along with the notice of submission; he also learned at that time that the Court had entered an Order granting the defendant's motion and dismissing the plaintiff's case. Counsel contends that corroboration of the phone call by opposing counsel and a technological review of the Court's electronic filing system activities on February 2, 2012 and February 3, 2012 should convince the Court to permit the plaintiff to respond to the defendant's motion for summary judgment.[6]

The defendant opposes reconsideration, countering that (1) there is no evidence that plaintiff's counsel contacted defendant's counsel on February 3, 2012;[7] (2) the body of the Notice of Electronic Filing received by counsel for defendant by email, a copy of which is attached to the defendant's opposition, details the "docket text" in its entirety, which includes the hearing date as well as all attachments to the motion; and (3) counsel for the plaintiff fails to advise the Court as to why he did not contact the Clerk of Court's office if the electronic notice he received did not allow him to access all the documents, or, why he did not

---

[6]Counsel for plaintiff attaches no exhibits to the motion to reconsider.

[7]Counsel for defendant suggests that she was on vacation, out of the country, from February 3, 2012 through February 15, 2012 and, as such, an outgoing message detailing this fact was placed on her phone, along with a suggestion that callers contact her paralegal or her secretary. Counsel for defendant represents that no messages were left with her support staff.

7

check PACER, which reveals all documents filed within each record document. Counsel for defendant insists that counsel for plaintiff should not have waited over two weeks to contact her to ask her if other documents were filed with the two-page motion.[8]

The Court finds that the arguments raised by the two sides are interesting and irrelevant, considering this Court's findings in its February 17 Order and the applicable Rule 59(e) standard.[9]

---

[8] Counsel for the defendant suggests that she would not have opposed either a request by the plaintiff's counsel for an extension of time to file her opposition, or a motion fo leave to file the opposition out of time, but neither were filed. In fact, defendant opposes reconsideration "because the instant motion appears to consist of an ad hominem attack[] against [defendant's] counsel, an unsupported attack on the reliability of the ECF system, and a lack of diligence on his part...."

[9] Because counsel for both sides focus so intently on this issue, the Court notes that the record shows that the Notice of Electronic Filing emailed to counsel on February 2, 2012 included under "docket text":
> MOTION to Dismiss for Lack of Jurisdiction and, MOTION for Summary Judgment by United States Postal Service.... Motion set for 2/22/2012 10:00 AM before Judge Martin L.C. Feldman. (Attachments: #(1) Memorandum in Support, #(2) Exhibit A, #(3) Exhibit B, #(4) Exhibit C, #(5) Exhibit D, #(6) Exhibit E, #(7) Exhibit F, #(8) Exhibit G, #(9) Exhibit H, #(10) Exhibit I, #(11) Statement of Contested/Uncontested Facts, #(12) Notice of Submission)....

Counsel for plaintiff, in reply papers, submits his PACER history, which shows that he printed two pages on February 2, 2012 and then performed another search on February 17, 2012, at which time he printed 62 pages. Giving counsel for plaintiff the benefit of the doubt, it is curious that counsel could not access the documents about which he was emailed notification of having been filed. But it is also curious that counsel did not check thereafter PACER or contact the Court over the course of the next few weeks in order to advise of this alleged technological issue so that it could be

What is dispositive of the plaintiff's motion for reconsideration is her failure to acknowledge or point to, let alone present any genuine disputes as to material facts challenging this Court's analysis of the issues raised by the defendant's motion to dismiss and for summary judgment. The plaintiff begs the Court for an opportunity to respond to the defendant's motion, but fails to present any arguments regarding the merit of her claims that would show the Court that it had erred in its legal and factual analysis that supported its February 17 ruling.

*B.*

Although the Fifth Circuit U.S. Court of Appeals forbids a district court from granting summary judgment merely because the motion is unopposed (even if the failure to oppose violated a local rule), if the Court's independent review of the record reveals that there are no genuine disputes as to any material facts, granting summary judgment is certainly appropriate. See <u>Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima</u>, 776 F.2d 1277, 1279 (5th Cir. 1985)("The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."); <u>John v. Louisiana Bd. of Trustees for State Colleges & Universities</u>, 757 F.2d 698, 709 (5th Cir. 1985); Fed.R.Civ.P. 56(e)("If a party fails to properly support an assertion of fact or

---

sorted out.

fails to properly address another party's assertion of fact as required by Rule 56(c), the court may...grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it").[10]

Summary judgment is appropriate when the competent summary judgment evidence demonstrates that there are no genuine disputes as to any material facts and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(a). Here, in granting the defendant's motion to dismiss and motion for summary judgment, the Court deemed the motion to be unopposed. Even so, the Court did not grant the motion as unopposed simply to sanction the plaintiff for her failure to respond. To the contrary, the Court proceeded to address the merits of the motion, and determined that the motion indeed had merit, specifically observing with clarity that:

> The plaintiff claims that the defendant retaliated against her because her deceased father was a civil

---

[10] See also Luera v. Kleberg County, Texas, No. 11-40774, 2012 WL 490407 (5th Cir. Feb. 15, 2012). In Luera, an unpublished opinion, the Fifth Circuit noted:
> We have approached the automatic grant of a dispositive motion, such as a grant of summary judgment based solely on a litigant's failure to respond, with considerable aversion.... In this case, however, the record makes clear that the district court dismissed the suit based on its merits and not as a sanction....

Id. at *1-2 (noting that the plaintiff did not respond to the defendant's motion for summary judgment, that the district court treated the motion as unopposed and that the district court then proceeded to analyze the merits in granting the motion).

10

rights leader. However, there is no record showing that the plaintiff exhausted her administrative remedies relative to the alleged retaliatory discharge. Thus, the defendant has shown that this Court lacks jurisdiction over the plaintiff's retaliation claim. See Fitzgerald v. Sec'y, U.S. Dep't of Veterans Affairs, 121 F.3d 203, 206 (5th Cir. 1997). It is undisputed that the plaintiff did file an administrative charge of discrimination based on allegations of race and color discrimination. However, the defendant has shown that the plaintiff cannot establish a prima facie case of race or color discrimination because she has not shown that she was treated less favorably than other similarly situated employees outside of her protected class. In particular, the defendant points out that the Fifth Circuit requires that an employee who proffers a fellow employee as a comparator demonstrate that the employment actions at issue were taken "under nearly identical circumstances." See Little v. Republic Ref. Co., Ltd., 924 F.2d 93, 97 (5th Cir. 1991). Because the plaintiff cannot show that others similarly situated were treated more favorably under Fifth Circuit standards, the defendant suggests it is entitled to judgment as a matter of law. The Court agrees. The plaintiff has not submitted any opposition papers and there is no evidence in the record to suggest that the plaintiff can discharge her burden on this point. Even if the plaintiff could establish a prima facie case of race or color discrimination, the defendant also contends that the plaintiff cannot establish that the defendant's proffered reasons for terminating her during her probationary period were pretextual. The Court agrees. The summary judgment record is replete with evidence that the plaintiff's job performance was poor: the record shows that the plaintiff's immediate supervisor, Michele Redman, an African-American, made the decision to terminate the plaintiff during her probationary period due to poor job performance; Redman testified that the plaintiff repeatedly improperly handled express mail and that the plaintiff had difficulty with many aspects of her job, which caused customer complaints. The record also shows that the plaintiff had difficulty "catching on to her duties." The defendant suggests, and the Court agrees, that this evidence satisfies its burden of production and that the burden then shifts to the plaintiff to submit evidence that shows that the defendant's explanation was merely pretext for the actual reasons she was terminated during her probationary period: race and color discrimination.

> The plaintiff has not submitted any opposition papers or submitted any evidence suggesting that she can satisfy her burden. "'A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other fact immaterial' and 'mandates the entry of summary judgment' for the moving party." <u>United States ex rel. v. City of Houston</u>, 523 F.3d 333, 337 (5th Cir. 2008) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).

<u>See</u> Order dated February 17, 2012, p.1 at n.1.[11] In connection with her request that the Court reconsider its Order, the plaintiff still has not submitted a response to the defendant's motion to dismiss and for summary judgment. In fact, the plaintiff makes no mention of this Court's findings, makes no effort to substantiate her claims, and otherwise fails to suggest that the Court's findings based on the summary judgment record are unfounded or undermined by any materials the plaintiff hypothetically may wish to present. In failing even to suggest that she could submit evidence discharging her burden of proving her discrimination claims (or in failing to suggest that she could raise genuine disputes as to the material facts established by the defendant's presentation), she likewise fails to persuade this Court that reconsideration of its grant of summary judgment is warranted.[12]

---

[11]The Court notes that the Federal Rules do not require that district courts state their findings or conclusions when ruling on a motion under Rule 12 or 56. <u>See</u> Fed.R.Civ.P. 52(a)(3).

[12]<u>Cf.</u> <u>Bustos v. Martini Club, Inc.</u>, 599 F.3d 458 (5th Cir. 2010). In <u>Bustos</u>, the Fifth Circuit affirmed a district court's grant of summary judgment in favor of defendants when the plaintiff failed to respond, observing that:

Accordingly, the plaintiff's motion for reconsideration is DENIED.

New Orleans, Louisiana, March 5, 2012

```
           _____
                MARTIN L. C. FELDMAN
              UNITED STATES DISTRICT JUDGE
```

---

> The defendants submitted competent summary judgment evidence showing that there were no genuine issues of fact for trial as to the forsseeability of the altercation. They also submitted evidence that the [defendant] Martini Club did not serve individuals who appeared to be intoxicated, had not violated any Texas Alcoholic Beverage Commission rules, and that the Club's premises were not unsafe. Bustos did not respond to the motion for summary judgment in the district court and therefore failed to carry his burden of showing that material factual issues existed. He cannot now assert that the district court's reliance on the defendants' uncontested evidence was improper. The district court did not err in granting summary judgment.

Id. at 468-69. In the present matter, the plaintiff would have been well-served in submitting, along with her motion to reconsider, any arguments or evidence that might undermine this Court's findings on the merits of the defendant's summary judgment presentation. Counsel for plaintiff suggests that he has been diligently preparing the case for trial, including conducting depositions. Without demonstrating that this Court erred in its ruling, however, this representation falls short of satisfying the Rule 59(e) standard.